## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALBERT CURTIS MILLS,
    Plaintiff,

    v.

MAJOR W. ISER, et al.,

    Defendants.

Civil Action No.:  ELH-22-1691

### MEMORANDUM

Self-represented plaintiff Albert Curtis Mills, a prisoner at the North Branch Correctional Institution, filed a "Verified Complaint" (ECF 1), as supplemented (ECF 1-1), alleging that his religious rights were violated and he was discriminated against on the basis of his disability when he was threatened and intimidated by medical and correctional staff for engaging in a Christian fast. ECF 1-2 at 17-23. He also alleges that his rights were violated when he was subjected to disciplinary segregation and placed in a holding cell for participating in the religious fast. *Id*. at 18, 23-34. He has named multiple defendants.

Defendants YesCare Corp. ("YesCare") and Janette Clark, NP, have moved to dismiss under Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment under Rule 56.  ECF 13.[1] I shall refer to these two defendants as the "Medical Defendants," and to their motion as the "Medical Defendants' Motion."

Defendants Larry Hogan, the former Maryland governor; Robert Green, as Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"); O. Wayne Hill,

---

[1] Defendant YesCare states that it was formerly known as Corizon Health, Inc. ("Corizon"). The case has been stayed as to Corizon due to its bankruptcy filing.  *See* ECF 20, ECF 21.

Deputy Secretary; Frank Bishop, Jr., Assistant Commissioner of the Division of Correction ("DOC"); Jennifer Schmitt, DOC Director of case management; F. Todd Taylor, Executive Director of the Inmate Grievance Office ("IGO"); Robin Woolford, IGO Deputy Director; Correctional Officer Major Walter Iser; and Correctional Officer Lieutenant William Thomas, have also moved to dismiss or, in the alternative, for summary judgment. ECF 17. I shall refer to these defendants collectively as the "Correctional Defendants," and to their motion as the "Correctional Defendants' Motion."

Plaintiff has replied to the Medical Defendants' Motion (ECF 16). But, he has not replied to the Correctional Defendants' Motion.

Also pending is plaintiff's Motion for Extension of Time. ECF 19. Defendant seeks additional time to respond to the Correctional Defendants' Motion because, in his view, he needs discovery.

At this juncture, I am not resolving ECF 13 or ECF 17. No hearing is necessary as to ECF 19. *See* Local Rule 105.6. For the reasons that follow, I shall deny plaintiff's discovery requests but grant his request for an extension of time.

Federal Rule of Civil Procedure 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may:

  (1) Defer considering the motion or deny it;
  (2) Allow time to obtain affidavits or declarations or to take discovery; or
  (3) Issue any other appropriate order.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an

attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).  To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery.  Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f))

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (citation omitted). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted), *rev'd on other grounds sub nom. Gardner v. Ally Fin., Inc.*, 514 F. App'x 378 (4th Cir. 2013). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

In his request for discovery, Mills states that he

needs to discover critical facts of all of Mills' medical and psychological and psychiatric records from Yes Care Corporation and Centurion Managed Care and North Branch Correctional Institution and Division of Correction and Department of Public Safety and Correctional Services because there is medical data that Mills knows about but does not have it or remember the details of it and Iser does not provide it in the Motion that is used . . . against Mills so the data of dementia and

3

psychosis diseases and there probably is more data that Mills does not know about
that is in his medical records that Mills needs to oppose the Motion.

ECF 19 at 1-2. Further, Mills asserts that he needs "data that he does not know about". *Id*. at 2.

Notably, the Medical Defendants have provided 159 pages of Mills's medical and mental health records for the time period relevant to this Complaint. ECF 13-4.  Mills may not use the discovery process to go on a fishing expedition for materials he hopes to find.

Critically, Mills does not explain how or why the medical and mental health records provided to him, or available for his inspection at the facility where he is incarcerated, are insufficient for him to craft a response to the pending motions. As such, his request for discovery regarding his complete mental and medical health care records shall be denied without prejudice.

Mills also seeks videotapes of: (1) the housing tier at 7:15 a.m. on September 1, 2019, to prove that he submitted an ARP to Correctional Officer T. Yutzy (ECF 19 at 3); (2) the medical room on June 30, 2019, when Mills was in that location, to prove that he did not sign the consent form regarding the effects of starvation and he did not consent to treatment (ECF 19 at 4); (3) the Alpha and Bravo holding cells in Housing Unit 1 on June 30-July 19, 2019, to show that he was put on staff alert, placed in an isolation cell behind a plexiglass shield "for fasting," and put in the holding cell on suicide watch for fasting (ECF 19 at 4); and (4) the Housing Unit 1 medical room and Bravo tier cell 31 while Mills was held at those locations to show that Lauren Beitzel was "a party" to Correctional Officer Adams throwing food into his cell (ECF 19 at 5).

The requested video evidence could bolster Mills's version of events as to these particular facts.  But, the matters Mills claims would be shown in the videos are within his personal knowledge and, as such, he could refute the defendants' version of facts, to the extent the facts are disputed, with his own affidavit or declaration.  Further, in his initial Complaint, Mills alleged that he submitted an ARP on August 1, 2019 (ECF 1-2 at 25-26), rather than on September 1.

Therefore, the video of September 1, 2019, would not assist in demonstrating that he filed an initial ARP on August 1, 2019. Moreover, the Correctional Defendants agree that Mills filed an ARP appeal on September 1, 2019.  ECF 17-9 at 2-3.

Even if the video of August 1, 2019, showed that Mills handed something to Officer Yutzy, it is unlikely that the video could demonstrate that the "something" was the initial ARP regarding Mills fasting.  As to the video evidence to show that Mills was placed on staff alert, the Correctional Defendants do not dispute that Mills was placed on staff alert. ECF 17-1 at 6. And, as to the video evidence showing that Beitzel and Adams threw food into Mills's cell, neither Beitzel nor Adams is named as a defendant in this case. ECF 1.

In sum, Mills fails sufficiently to explain how any of the requested videos are necessary to respond to the Correctional Defendants' Motion.  Therefore, I shall deny the request for discovery, without prejudice.

In light of the foregoing, Mills shall be granted additional time to respond to Correctional Defendants' motion.  He shall file an opposition on or before May 10, 2023.

And Order follows.


Date:  April 7, 2023                                _____/s/_____
                                                    Ellen L. Hollander
                                                    United States District Judge